UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE MANN and
DEANNA MANN
    Plaintiffs,
v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia limited liability company,
ALLY FINANCIAL, INC.,
a Delaware corporation,
CREDIT ONE BANK,
a Nevada banking association,
NISSAN MOTOR ACCEPTANCE CORPORATION,
a California corporation, and
HSBC BANK USA, NA,
a foreign entity,
jointly and severally,
    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COME THE PLAINTIFFS THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for their Complaint against the Defendants, plead as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

## PARTIES

3. The Defendants to this lawsuit are:

    a. Equifax Information Service, LLC ("Equifax") which is a Georgia company that maintains registered offices in Ingham County;

    b. Ally Financial, Inc. ("Ally") which is a Delaware company that maintains registered offices in Oakland County;

    c. Credit One Bank ("Credit One") which is, upon information and belief, a Nevada company;

    d. Nissan Motor Acceptance Corporation ("Nissan") which is a California company that maintains registered offices in Ingham County;

    e. HSBC Bank USA, National Association ("HSBC") which is, upon information and belief, a North Carolina company that conducts business in North Carolina.

## VENUE

4. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendants conduct business in Michigan, have registered office in Michigan or a substantial part of the events or omissions giving rise to the claims herein occurred in Michigan.

## GENERAL ALLEGATIONS

5. This FCRA case involves the false reporting of balances on certain accounts when there should be no balances reported as Plaintiffs' debts were discharged through their Chapter 7 Bankruptcy on or about July 22, 2009.

6. Sometime in 2008, Plaintiffs filed a Chapter 13 Bankruptcy. They later converted this into a Chapter 7 Bankruptcy. The Plaintiffs received a discharge in their Chapter 7 Bankruptcy on July 22, 2009.

7. In June of 2012, Steve Mann ("Mr. Mann") reviewed his credit files with the three major credit reporting agencies, Experian, Equifax and Trans Union (collectively "CRAs") and noted some improper reporting of information from co-defendants Ally and Credit One.

8. Ally and Credit One were each reporting balances due from Mr. Mann. This was improper since Mr. Mann had received a discharge of these and other debts.

9. On or about June 28, 2012, Mr. Mann, through counsel, sent a letter to the CRAs disputing several trade lines placed on his report by the co defendants Ally and Credit One. Mr. Mann attached a copy of his bankruptcy discharge.

10. Upon information and belief, the CRAs forwarded his dispute letter to Ally and Credit One.

11. On or about July 11, 2012, Trans Union responded appropriately and updated Mr. Mann's credit file.

12. On or about July 12, 2012, Experian responded appropriately and updated Mr. Mann's credit file.

13. On or about July 24, 2012, Equifax responded with the following updates to Mr. Mann's consumer credit file:

    a. Ally Financial/GMAC continued to show a balance due and overdue from Mr. Mann;

    b. Credit One Bank was not reporting a balance, however, it still showed, "Included in Wage Earner Plan" and states "Bankruptcy Chapter 13." This reporting is inaccurate;

14. In June of 2012, Deanna Mann ("Mrs. Mann"), reviewed her credit file with the CRAs.

15. She noticed a number of inappropriate items on her credit files with the CRAs.

16. On or about June 28, 2012, Mrs. Mann, through counsel, sent a letter to the CRAs disputing these items including those trade lines reported by defendants Ally, Nissan and HSBC.

17. In her dispute letter, Mrs. Mann informed the CRAs of the inaccurate nature of the trade lines of these furnishers including Ally, Nissan and HSBC.

18. In support of her letter, Mrs. Mann attached a copy of her bankruptcy discharge of July 22, 2009.

19. Upon information and belief, the CRAs forwarded Mrs. Mann's dispute to all furnishers including Ally, Nissan and HSBC.

20. On or about July 9, 2012, Trans Union responded appropriately and updated Mrs. Mann's credit file.

21. On or about July 11, 2012, Experian responded appropriately and updated Mrs. Mann's credit file.

22. On or about July 24, 2012, Equifax responded to Mrs. Mann's consumer dispute with the following updates:

    a. Ally Financial/GMAC continues to report its trade line on Mrs. Mann's consumer credit file with "Included in Wage Earner Plan." It also states, "Bankruptcy Chapter 13."

    b. Nissan Acceptance Corp. continues to report its trade line twice, despite Mrs. Mann placing Equifax on notice of this improper double reporting. One of these trade lines is still improperly reflecting that she owes a balance of $20,974.

    c. HSBC/ARTVN is still improperly reflecting that its account is included in a "Wage Earner Plan." In Equifax's response to our dispute, it just states that this is a charged off account. It does not say anything about this being in Mrs. Mann's Chapter 7 Bankruptcy, which we asked them to write. HSBC/ARTVN is a Defendant.

## COUNT I
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

23. Plaintiffs reallege the above paragraphs as if recited verbatim.

24. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the Plaintiffs as that term is defined in 15 USC 1681a.

25. Such reports contained information about the Plaintiffs that was false, misleading and inaccurate.

26. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiffs, in violation of 15 USC 1681e(b).

27. After receiving the Plaintiffs' consumer dispute to the co-defendants' trade lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

28. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, each Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

29. Equifax is liable to the plaintiffs by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

30. Plaintiffs reallege the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiffs as that term is defined in 15 USC 1681a.

32. Such reports contained information about plaintiff that was false, misleading and inaccurate.

33. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to the Plaintiffs, in violation of 15 USC 1681e(b).

34. After receiving the Plaintiffs' consumer dispute to the co-defendants' trade lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, each Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

36. Equifax is liable to the Plaintiffs by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

## COUNT III
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY

37. Plaintiffs reallege the above paragraphs as if recited verbatim.

38. After being informed by all three Credit Reporting Agencies of the Plaintiffs' consumer dispute to its trade lines on their respective consumer credit files, Ally negligently failed to conduct a proper reinvestigation of the plaintiffs' dispute as required by 15 USC 1681s-2(b).

39. Ally negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC

1681s-2(b). Specifically, Ally failed to direct all of the credit reporting agencies to remove or update its trade lines.

40. The trade lines are inaccurate and creating a misleading impression on the Plaintiffs' consumer credit file with each credit reporting agency to which it is reporting such trade line.

41. As a direct and proximate cause of Ally's negligent failure to perform its duties under the FCRA, each plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

42. Ally is liable to each plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

43. The Plaintiffs have a private right of action to assert claims against Ally arising under 15 USC 1681s-2(b).

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY

44. Plaintiffs reallege the above paragraphs as if recited verbatim.

45. After being informed by the CRAs that the plaintiffs disputed the accuracy of the information it was providing, Ally willfully failed to conduct a proper reinvestigation of the Plaintiffs' disputes.

46. Ally willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

47. As a direct and proximate cause of Ally's willful failure to perform its respective duties under the FCRA, each plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

48. Ally is liable to the Plaintiffs for either statutory damages or actual damages each has sustained by reason of Ally's violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ONE

49. Plaintiffs reallege the above paragraphs as if recited verbatim.

50. After being informed by all three Credit Reporting Agencies of Mr. Mann's consumer dispute to its trade lines on their respective consumer credit files, Credit One negligently failed to conduct a proper reinvestigation of Mr. Mann's dispute as required by 15 USC 1681s-2(b).

51. Credit One negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, Credit One failed to direct all of the credit reporting agencies to remove or update its trade lines.

52. The trade lines are inaccurate and creating a misleading impression on Mr. Mann's consumer credit file with each credit reporting agency to which it is reporting such trade line.

53. As a direct and proximate cause of Credit One's negligent failure to perform its duties under the FCRA, Mr. Mann has suffered damages, mental anguish, suffering, humiliation and embarrassment.

54. Credit One is liable to Mr. Mann by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

55. Mr. Mann has a private right of action to assert claims against Credit One arising under 15 USC 1681s-2(b).

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ONE

56. Plaintiff reallege the above paragraphs as if recited verbatim.

57. After being informed by the CRAs that Mr. Mann's dispute the accuracy of the information it was providing, Credit One willfully failed to conduct a proper reinvestigation of his disputes.

58. Credit One willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

59. As a direct and proximate cause of Credit One's willful failure to perform its respective duties under the FCRA, Mr. Mann has suffered damages, mental anguish, suffering, humiliation and embarrassment.

60. Credit One is liable to Mr. Mann for either statutory damages or actual damages he has sustained by reason of Credit One's violations of the FCRA in an amount to be

determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NISSAN

61. Plaintiffs reallege the above paragraphs as if recited verbatim.

62. After being informed by all three Credit Reporting Agencies of Mrs. Mann's consumer dispute to its trade lines on her respective consumer credit files, Nissan negligently failed to conduct a proper reinvestigation of Mrs. Mann's dispute as required by 15 USC 1681s-2(b).

63. Nissan negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, Nissan failed to direct all of the credit reporting agencies to remove or update its trade lines.

64. The trade lines are inaccurate and creating a misleading impression on Mrs. Mann's consumer credit file with each credit reporting agency to which it is reporting such trade line.

65. As a direct and proximate cause of Nissan's negligent failure to perform its duties under the FCRA, Mrs. Mann has suffered damages, mental anguish, suffering, humiliation and embarrassment.

66. Nissan is liable to Mrs. Mann by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

67. Mrs. Mann has a private right of action to assert claims against Nissan arising under 15 USC 1681s-2(b).

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NISSAN

68. Plaintiffs reallege the above paragraphs as if recited verbatim.

69. After being informed by the CRAs that Mrs. Mann's dispute the accuracy of the information it was providing, Nissan willfully failed to conduct a proper reinvestigation of her disputes.

70. Nissan willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

71. As a direct and proximate cause of Nissan's willful failure to perform its respective duties under the FCRA, Mrs. Mann has suffered damages, mental anguish, suffering, humiliation and embarrassment.

72. Nissan is liable to Mrs. Mann for either statutory damages or actual damages she has sustained by reason of Nissan's violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HSBC

73. Plaintiffs reallege the above paragraphs as if recited verbatim.

74. After being informed by all three Credit Reporting Agencies of Mrs. Mann's consumer dispute to its trade lines on her respective consumer credit files, HSBC negligently failed to conduct a proper reinvestigation of Mrs. Mann's dispute as required by 15 USC 1681s-2(b).

75. HSBC negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, HSBC failed to direct all of the credit reporting agencies to remove or update its trade lines.

76. The trade lines are inaccurate and creating a misleading impression on Mrs. Mann's consumer credit file with each credit reporting agency to which it is reporting such trade line.

77. As a direct and proximate cause of HSBC's negligent failure to perform its duties under the FCRA, Mrs. Mann has suffered damages, mental anguish, suffering, humiliation and embarrassment.

78. HSBC is liable to Mrs. Mann by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

79. Mrs. Mann has a private right of action to assert claims against HSBC arising under 15 USC 1681s-2(b).

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HSBC

80. Plaintiff reallege the above paragraphs as if recited verbatim.

81. After being informed by the CRAs that Mrs. Mann's dispute the accuracy of the information it was providing, HSBC willfully failed to conduct a proper reinvestigation of her disputes.

82. HSBC willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

83. As a direct and proximate cause of HSBC's willful failure to perform its respective duties under the FCRA, Mrs. Mann has suffered damages, mental anguish, suffering, humiliation and embarrassment.

84. HSBC is liable to Mrs. Mann for either statutory damages or actual damages she has sustained by reason of HSBC's violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiffs request that the Court grant them the following relief against the defendants:

   a. Actual damages.

   b. Statutory damages.

   c. Treble damages.

   d. Statutory costs and attorney fees.

Respectfully submitted,

|  |  |
|---|---|
| September 14, 2012 | /s/ Gary Nitzkin<br>GARY D. NITZKIN  P41155<br>TRAVIS SHACKELFORD P68710<br>MICHIGAN CONSUMER CREDIT LAWYERS<br>Attorneys for Plaintiff<br>22142 West Nine Mile Road<br>Southfield, MI 48033<br>(248) 353-2882<br>Fax (248) 353-4840<br>Email – gary@micreditlawyer.com |