**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVE MANN and
DEANNA MANN,

      Plaintiffs,

v.                                                Case No.: 12-cv-14097

                                                Sean F. Cox
EQUIFAX INFORMATION SERVICES,      District Court Judge
LLC, ALLY FINANCIAL, INC.,
CREDIT ONE BANK, NISSAN MOTOR
ACCEPTANCE CORPORATION,             David R. Grand
and HSBC BANK USA, NA,                     Magistrate Judge

      Defendants.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

This civil action was brought against the Defendants under the Fair Credit Reporting Act. The only defendant that remains in this action is Nissan Motor Acceptance Corporation ("Nissan"). All the other defendants have been dismissed with prejudice.

Before the Court is Plaintiffs Steve Mann and Deanna Mann's ("Plaintiffs") Objection to Magistrate Judge David R. Grand's Report and Recommendation, which recommends that the Court **GRANT** Nissan's Motion to Dismiss and Compel Arbitration because this Court lacks subject matter jurisdiction on the basis of an arbitration agreement the parties entered into. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, the Court shall **ACCEPT** and **ADOPT** Magistrate Judge

1

Grand's Report and Recommendation [Docket Entry No. 44].

## BACKGROUND

On September 18, 2012, Plaintiffs filed a Complaint, alleging multiple counts under the Fair Credit Reporting Act against Defendants Equifax Information Services, LLC; Ally Financial, Inc.; Credit One Bank; Nissan; and HSBC Bank USA, NA. (Docket Entry No. 1.) Plaintiffs' claims against Defendants Equifax Information Services, LLC; Ally Financial, Inc.; Credit One Bank; and HSBC Bank USA, NA, have been dismissed with prejudice. (Docket Entry Nos. 25, 29, 31, 35.) As a result, the only defendant that remains in this action is Nissan.

The Complaint alleges two counts against Nissan: (1) Count 7-Negligent Violation of the Fair Credit Reporting Act by Nissan and (2) Count 8-Willful Violation of the Fair Credit Reporting Act by Nissan. (Docket Entry No. 1, at 11–12.) Both counts allege that Nissan violated Plaintiff Deanna Mann's rights under the Fair Credit Reporting Act for allegedly willfully and negligently failing to properly conduct an investigation under 15 U.S.C. § 1681s-2(b), after reporting an overdue balance to various credit reporting agencies. (*Id.* at 3–5, 11–12.) The debt arises from a Retail Installment Sales Contract executed by Plaintiff Deanna Mann, in favor of Victory Nissan of Macomb, for the purchase of a vehicle. (Docket Entry No. 37-2.) The Retail Installment Sales Contract was later assigned to Nissan by Victory Nissan of Macomb. The contract contains an arbitration provision, which states as follows:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Agreement, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, your purchase or financing contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign your purchase or financing contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action . . . .

(Docket Entry No. 37-2, at 11.)

On April 3, 2013, Nissan filed a Motion to Dismiss and Compel Arbitration, contending that this Court lacks subject matter jurisdiction pursuant to the arbitration provision in the contract. (Docket Entry No. 37.)

The Plaintiffs filed a response contending that (1) the contract was terminated/voided by the bankruptcy proceeding, (2) the arbitration provision does not apply to Plaintiff Deanna Mann's claims under the Fair Credit Reporting Act, and (3) Nissan waived the arbitration provision. (Docket Entry No. 42.)

This matter was referred to Magistrate Judge David R. Grand on April 8, 2013.  (Docket Entry No. 38.)

On May 24, 2013, Magistrate Judge Grand filed his Report and Recommendation, recommending that this Court **GRANT** Nissan's Motion to Dismiss and Compel Arbitration. (Docket Entry No. 37.)

On June 5, 2013, Plaintiffs filed their Objection to the Report and Recommendation. (Docket Entry No. 45.)

## STANDARD OF REVIEW

A motion under Federal Rule of Civil Procedure 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction.  A court must consider a 12(b)(1) motion prior to other challenges since proper jurisdiction is a prerequisite to determining the validity of a claim. *See Gould, Inc. v. Pechiney Ugine Kuhlmann & Trefimetaux*, 853 F.2d 445, 450 (6th Cir. 1988). The plaintiff has the burden of proving jurisdiction in order to survive a 12(b)(1) motion.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

3

Jurisdictional challenges under Rule 12(b)(1) can be either facial or factual. *RMI Titanium Co. v. Westinghouse Elec. Corp*. 78 F.3d 1125, 1134–35 (6th Cir. 1996). A facial challenge is directed at the allegations in the complaint, which the court must accept as true. *Id.* at 1134. Factual challenges rely on matters outside of the pleadings and, unlike motions under Rule 12(b)(6), "the court is empowered to resolve factual disputes." *Id.* at 1135 ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction–its very power to hear the case–there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."); *see also* 2 James Wm. Moore, Moore's Federal Practice § 12.30[4] (3d ed. 2000) ("When a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts.").

## ANALYSIS

In their Objection, Plaintiffs contend that Magistrate Judge Grand erred by recommending that (1) Deanna Mann's bankruptcy discharge did not terminate the arbitration agreement and (2) Nissan did not waive its right to enforce the arbitration agreement. (Docket Entry No. 45.)

**A.     Whether the Arbitration Agreement was Terminated by the Bankruptcy Proceeding?**

Plaintiffs contend that the arbitration agreement was terminated/voided by the bankruptcy discharge. (*Id*. at 1–4.) However, Plaintiffs have not provided a controlling case that establishes that a valid arbitration clause is terminated by bankruptcy discharge, when the underlying claim, which would be otherwise subject to arbitration, is based on the Fair Credit Reporting Act. The Court agrees with Magistrate Judge Grand's analysis and recommendation that Plaintiffs' claims are not core proceedings because they do not relate to the collection of a debt. *Sanders Confectionary*

4

*Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483 (6th Cir. 1992) ("The court looks at both the form and the substance of the proceeding in making its determination [whether a proceeding is a core or non-core proceeding]. A core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy.") (internal citations omitted). Instead, Plaintiffs' claims, under the Fair Credit Reporting Act, relate to whether Nissan willfully or negligently failed to conduct a proper investigation of Deanna Mann's "dispute [with regard to its trade lines on her respective consumer credit files] as required by [15 U.S.C. § 1681s-2(b)]." (Docket Entry No. 1, at 11–12.) It is unclear how these claims, which challenge Nissan's compliance with the procedures outlined in 15 U.S.C. § 1681s-2(b), relate to the collection of a debt or can be considered core proceedings. Plaintiffs cite to several cases that are not controlling and which this Court does find persuasive. With regard to Magistrate Judge Grand's analysis under *In re Eber*, 687 F.3d 1123, 1129 (9th Cir. 2012), and *In re Hermoyian*, 435 BR 456, 463 (E.D. Mich. 2010), there does not appear to be any conflict with the underlying purposes of the Bankruptcy Code by holding that the arbitration clause applies to Plaintiffs' claims under the Fair Credit Reporting Act. Accordingly, this Court agrees with Magistrate Judge Grand's recommendation that the bankruptcy discharge did not terminate/void the arbitration clause.

**B.     Whether Nissan Waived Its Right to Enforce the Arbitration Agreement?**

The Plaintiffs contend that Nissan waived its right to enforce the arbitration agreement by (1) failing "to . . . mention an intent to compel arbitration during the Court's Scheduling Conference, and the brief period of discovery provided under the Court's Scheduling Order"; (2) failing to mention an intent to compel arbitration when "Plaintiff does not anticipate any further discovery in this matter" and "Defendant was well on its way towards completion of discovery by issuing notice

5

of Plaintiff's deposition, as extensive discovery is not necessary to bring this case to trial"; (3) "never refus[ing] to answer Plaintiff's interrogatories and requests for production of documents"; and (4) making "objections to [Plaintiff's motion to compel deposition] . . . , which shows [Nissan's] intent to actually move forward with deposition rather than filing a motion to compel arbitration." (Docket Entry No. 45, at 4–7.) Finally, the Plaintiffs contend that "the Report and Recommendation fails to adequately address the prejudice suffered by Plaintiff as a result of [Nissan's] untimely decision to seek an order compelling arbitration." (*Id.* at 6.)

"[B]ecause of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred." *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 450 (6th Cir. 2005). "[A] party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice." *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010) (internal quotations omitted).

Nissan addressed the arbitration provision as an affirmative defense in its Answer. (Docket No. 8, at 12.) This Court held a scheduling conference on March 4, 2013. The Scheduling Order following that conference states that discovery was due by June 4, 2013. (Docket Entry No. 33.) The Plaintiffs do not deny that Nissan did not take any depositions or produce any witnesses for deposition, nor do they deny that Nissan refused to answer Plaintiffs' discovery requests or serve no any discovery requests of its own.

Nissan's response to the Plaintiff's Motion to Compel Deposition does not evidence an intent to waive the arbitration provision. Instead, the brief in support of that motion states as follows,

"What is even more troubling about [Nissan] having to respond to this wasteful Motion, is that Plaintiff's Counsel previously agreed that this discovery Motion should be stayed pending the ruling on [Nissan's] Motion to Compel Arbitration." (Docket Entry No. 41, at 5.)

The Plaintiffs assert that they will be prejudiced because they voluntarily turned over some documents as part of its discovery obligation. However, Plaintiffs state in their Objection as follows: "As discussed during the Court's brief Scheduling Conference, this is a relatively simpl[e] case which will not require a great deal of discovery to adequately prepare for trial. Apart from the exchange of basic, straight-forward, written discovery requests, the deposition of Plaintiff, and the deposition of Defendant's corporate representative, Plaintiff does not anticipate any further discovery in this matter." (Docket Entry No. 45, at 5.) In elaborating what documents Plaintiffs have produced to Nissan, the Plaintiffs cite to an email sent to Nissan's attorney, Anthony Polce, stating as follows:

> I am attaching the following documents for your review: 1. Excerpts from Mrs. Mann's Equifax report of March 22, 2013 showing the Nissan trade line reporting twice . . . . 2. Our Dispute letter to Equifax regarding the Nissan Double Reporting issue of June 28, 2012; 3. Equifax's results of its investigation (selected pages).

(Docket Entry No. 45-8, at 2.) It is unclear how the exchange of these documents, or any other documents that the Plaintiffs may have submitted to Nissan, prejudices the Plaintiffs. Accordingly, this Court holds that Nissan has not waived its right to enforce the arbitration provision.

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Court **ADOPTS** and **ACCEPTS** Magistrate Grand's Report and

7

Recommendation [Docket Entry No. 44].

    **IT IS SO ORDERED.**

                                                 S/Sean F. Cox
                                                 Sean F. Cox
                                                 United States District Judge

Dated: July 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 22, 2013, by electronic and/or ordinary mail.

                                                 S/Jennifer McCoy
                                                 Case Manager